Sherman
v.
Stanton.

EDMOND SHERMAN *against* JOSHUA STANTON.

General *indebitatus assumpsit* for work and labour done will not lie upon a promise made by the defendant to pay for the work, &c. done under the contract of another, though the work, &c. was done upon the defendant's buildings, and for his eventual benefit. But if the same declaration contains a count for money had and received, and verdict for the plaintiff, the Court will not set it aside on motion, if it appears that substantial justice has been done between the parties.

MOTION for a new trial.

Plaintiff declared in two general counts:

First. *Indebitatus assumpsit* for work and labour done for *a sum certain.*

Secondly. For money had and received.

At the last term the cause went to the Jury under the general issue, when it appeared in evidence,

That the defendant had contracted with one *Johnson* to erect a forge and mills for him in the town of *Westford*, and was to pay him a certain sum. *Johnson* hired the plaintiff, among others, to work at 4*s.* 6*d.* per day. That before *Johnson* began the work, the plaintiff, apprehensive of his responsibility, refused to labour unless his wages could be secured to him. At this time *Joshua Stanton,* junior, son to the defendant, appeared and persuaded the plaintiff to work, assuring his wages until his father returned from a journey. The plaintiff then went to work. Some weeks afterwards, *Joshua Stanton,* junior, again came to *Westford*, and informed the plaintiff that he had mentioned the circumstance of his apprehensions of *Johnson's* responsibility to his father, who said if the plaintiff would continue to labour, and *Johnson* would draw an order upon him in the plaintiff's favour to the amount of the wages, he would accept it. That some days afterwards the defendant was himself at *Westford*, and in conversation with the plaintiff ratified all his son had promised in his behalf. The plaintiff then continued to work on the forge and mills,

procured the order upon *Johnson* in his favour for the amount of his wages, which defendant protested.

It was also in evidence, that there had been an arbitration between the defendant and *Johnson*, when there was found due from the former to the latter, 150 dollars, which *Johnson* demanded upon the award, but defendant said he would not pay it until he had settled with *Sherman*, as he was holden to see his wages paid. This was subsequent to the protest of the order.

Verdict for the plaintiff, 82 dols. 3 cts. and costs.

At the same term, the following motion was filed:

And now the said *Joshua Stanton*, in Court, by *Daniel Chipman*, his attorney, after verdict in said cause, moves and prays the Court here for a rule on the said *Edmond Sherman* to shew cause, if any he have, why the verdict given in said cause should not be set aside and a new trial had; for that the evidence on the part of the said *Edmond Sherman*, given to the Jury in the trial of said cause, was wholly impertinent and improper to be given to the Jury in support of the declaration in said cause.

Rule granted.

And now at this term,

*Amos Marsh*, for plaintiff, shewed cause. The Court never grant a new trial where the merits of the action have been fully tried. *Morgan's Essays*, p. 112. There can be no doubt that a special count might have been added to the present declaration,

Sherman
v.
Stanton.

and that it would have been fully supported by the evidence adduced. But we shall contend there was no necessity for adding such count, for the evidence well supports both our counts. It is sufficient for us to shew that it supports either of them. We contend that the evidence supports the first count; for it appears the work and labour was actually done for the defendant, *Johnson* being his mere agent.

*Sed per Curiam.* We are clear the evidence does not support the first count.

*Marsh.* All the books shew it will well support the second.

The position is now well settled, that money had and received will well lie upon a general or special promise to pay to or for a third person. *Morgan's Essays*, 139. *Strange*, 648. *Weaver* v. *Burroughs.*

An *indebitatus assumpsit* lies for money lent or goods sold at his request to a stranger. *Comyn's Digest*, vol. 1. p. 187.

Where the obligor of a respondentia bond, by indorsement thereon, agreed to pay it to *any assignee*, it was determined that the assignee might maintain general *assumpsit* for it. 2 *Black. Rep.* p. 1269. *Fanner* v. *Meares.*

The doctrine had been established long before in the case of *Jones* v. *Cooper, Cowper's Reports*, p. 227.

*Daniel Chipman, contra.* We have no doubt but a declaration might have been so shaped as to cover

the promise; but that is aside of the present question.

The question now is, whether the evidence supports the count for money had and received. It is useless to multiply authorities to shew where money has been paid on a contract which fails, that this general count will lie. The cases cited do not apply to the point in contest.

The case of *Jones* and *Cooper*, cited from *Cowper's Reports*, appears not to touch the present question. The point mooted and decided upon in that case was, whether the case was within the statute of frauds. The dictum in *Comyns' Digest*, it is obvious, does not apply. But if it did, it appears to have been grounded on a case in *Ventris' Reports*, p. 311. under which that learned reporter has inserted a query, expressive of his doubt of its correctness.

The only case which distantly approaches the present is that of *Tanner* and *Meares*, in *Blackstone's Reports*, and that establishes no such doctrine as is contended for by our opponent, because *Meares* received the money actually, and the only question was, did he agree to pay it to *Tanner* or *Cox.*

*W. C. Harrington*, for the plaintiff. The Court have the authorities before them. I shall only observe, that the case of *Tanner* v. *Meares* is directly in point. The decision of the Judges was, that the promise made by *Meares* to *Tanner* might maintained in *assumpsit*, and that action was not a special action on the case, but a general *indebitatus assumpsit* for money had and received.

45

Sherman
v.
Stanton.

*Per Curiam.* Perhaps there is no subject where-in the doctrine is more nice than on what will maintain the action of *assumpsit.* for money had and received. It is obvious, however, that since Lord *Mansfield* came into the presidency of the King's Bench, in 1756, this action has been continually extending. " I am," says that great luminary of *English* jurisprudence, in the case of *Towers* v. *Barret,*\* " I am a great friend to the action of money had and received. It is a very beneficial action, and founded on the principles of *eternal justice.*" Since his time, the later the decision the more liberal is the extent given to this beneficial action.

\* *Durnford &
East's Reports,*
vol. 1. p. 134.

The merits of this cause have been fairly and fully tried under a count of this nature.

It seems agreed, that if a special count was added to the declaration with the evidence adduced, the plaintiff would recover. Perhaps it may be carrying the principle of this action further than hitherto done in this Court. But the Court consider, upon general principles, that the count for money had and received is supported by the evidence. If some doubt had remained of this, the consideration that ample justice had been done between the parties, would *after verdict* in this case, justify the Court in discharging the rule.

Rule discharged.    Verdict affirmed.

*Amos Marsh* and *W. C. Harrington*, for plaintiff.
*Daniel Chipman* and *Elnathan Keyes*, for defendant.